# DICKSTEIN SHAPIRO LLP

1633 Broadway | New York, NY 10019-6708
TEL (212) 277-6500 | FAX (212) 277-6501 | dicksteinshapiro.com

*Direct Dial: (212) 277-6691*
*Direct Fax: (917) 591-0941*
*MitchellJ@dicksteinshapiro.com*

July 28, 2015

**Via ECF**

Hon. Gary R. Brown
United States Magistrate Judge
United States District Court
 for the Eastern District of New York
100 Federal Plaza
Central Islip, New York  11722-9014

Re:  Silver v. Karp, 14-cv-05226(DRH)(GRB)

Dear Magistrate Judge Brown:

On behalf of Plaintiffs Lyle Silver and David Silver, Third-Party Defendant Scott Silver and Additional Counterclaim Plaintiff Stephen Silver (collectively referred to as "Plaintiffs") we are submitting this letter motion pursuant to III.B of Your Honor's Individual Practice Rules and Local Civil Rule 37.3, seeking enforcement of this Court's September 23, 2014 order and an order holding Defendant Selwyn Karp in contempt, if the Court deems that appropriate.

As brief background, this action involves the unwinding of partnerships engaged in real estate investments (the "Partnerships"), the joint venture between Stephen Silver and Defendant Selwyn Karp involving stock purchased in initial public offering ("IPOs") by mutual banks in which they had deposits ("Mutual Bank Accounts") converting to stock ownership ("Mutual Bank Stock"), and other ventures. All of these arrangements were to be on a fifty-fifty basis, with all investments and profits to be split evenly. Discovery has been contentious and last week Plaintiffs filed a letter motion seeking relief with respect to Defendants' failure to produce documents and answer interrogatories by the date agreed to by counsel. *See* Letter Mot., July 21, 2015, ECF No. 46. (Defendants filed a response yesterday evening.)

Now Defendants have failed to abide by the terms of this Court's order directing that no distributions from property sales be made if the parties do not agree, except for disbursements of up to $25,000 for necessary and ordinary business expenses (the "Order"). As the Court directed at the September 23, 2014 hearing on Plaintiffs' preliminary injunction motion, "No Karps, no Silvers" are to take any money. Hr'g Tr. 76:12-77:21, Sept. 23, 2014; *see generally id.* at 76-79. The Court emphasized this prohibition stating that money "better not go directly or indirectly to one of the parties here . . . because then there's . . . that contempt power." *Id.* at 67:21-25. And, after confirming that Plaintiffs would agree to and abide by the terms of this resolution of their motion, *id.* at 78:5-22, the Court asked Defendants' counsel if he was "agreeing to the structure

**DICKSTEIN**SHAPIRO LLP

Hon. Gary R. Brown
United States Magistrate Judge
July 28, 2015
Page 2

and your clients are going to abide by that, correct?" Mr. Rosenberg responded "Yes, Your Honor." *Id.* at 79:6-9. (Copies of the pages cited are annexed hereto as Exhibit A.)

Now, however, Defendants have unilaterally distributed the mortgage proceeds from one property sale, over Plaintiffs' explicit objection. On July 23, 2015, Anthony Filosa, another of Defendants' counsel, called to tell me that they would be distributing to Stephen Silver and Selwyn Karp the proceeds from the sale of 151 Ruland Road in Selden, New York ("Ruland Road") and asked, as a form of *quid pro quo*, that Plaintiff agree to the release of the escrowed proceeds from the sale of 1344 Bay 25th Street ("Bay 25th Street") which are currently being held by a firm. When I told him "no" to both distributions, he said the funds would be sent anyway. I therefore confirmed Plaintiffs' objection by my July 24, 2015 letter (a copy of which is annexed hereto as Exhibit B), and Mr. Filosa advised me yesterday that the funds had already been distributed on Ruland Road to Selwyn Karp, and that he was holding a certified check payable to Stephen Silver.

It appeared from my conversation on Thursday with Mr. Filosa that Selwyn Karp thinks he can unilaterally loosen the bounds of the prior Order, and as long as he is doing the "right thing" by Stephen Silver on Ruland Road, Plaintiffs should reciprocate and allow distributions on Bay 25th Street. The September 23, 2014 Order does not contain a "doing the right thing" exception and Mr. Karp should not be permitted to ignore the Court's order on such a basis.

To the extent that Defendants contend that they were free to distribute the Ruland Road proceeds because the Ruland Road mortgage was an asset of 1600 Central Avenue Real Estate Investment ("1600 Central Avenue"), another Silver/Karp venture and not the two Partnerships in their children's names, there is no question that 1600 Central Avenue was among the assets to be divided as part of the unwinding between Messrs. Silver and Karp and, thus is one of the assets that must not be distributed without the parties' agreement. Defendants must agree that 1600 Central Avenue always has been among the assets to be divided among the parties. Moreover, Mr. Filosa admitted during our conversation yesterday that one or both of the Partnerships may have an interest in the Ruland Road proceeds (the Partnerships do owe $240,000 to 1600 Central Avenue) anyway.

Nor can Defendants justify their defiance of the Order on the basis that the proceeds were paid by checks issued directly to Messrs. Karp and Silver by the borrower, rather than to 1600 Central Avenue. This sort of gamesmanship is just what the Order is meant to avoid by its direction that no money is to be distributed "directly or indirectly to any interested party." Hr'g Tr. 76:14-17.

Based on the foregoing, Plaintiffs respectfully request that the Court direct Defendants i) to deposit any proceeds received on account of Ruland Road into a mutually agreed account for safekeeping, ii) to refrain from distributing any part of the escrow on Bay 25th Street, and iii) to ensure that proceeds from sales of any assets held by any Silver/Karp venture are paid to the

**DICKSTEIN**SHAPIRO LLP

Hon. Gary R. Brown
United States Magistrate Judge
July 28, 2015
Page 3

relevant venture and not directly to Mr. Silver and/or Mr. Karp, and to deposit into the foregoing mutually agreed account any payments made directly to them.  In addition if the Court deems it appropriate, it should issue an order finding Selwyn Karp to be in contempt of the September 23, 2014 Order and direct Mr. Karp to pay to Plaintiffs their attorneys' fees in connection with this letter motion.

        Respectfully submitted,

        s/Jeffrey A. Mitchell
        Jeffrey A. Mitchell

Attachments
cc via ECF:   David I. Rosenberg, Esq.
                 Anthony R. Filosa, Esq.

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 28, 2015, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants:

> David I. Rosenberg
> Anthony R. Filosa
> Rosenberg, Fortuna & Laitman LLP
> 666 Old Country Road
> Suite 810
> Garden City, New York  11530
> Telephone: (516) 228-6666
> Facsimile: (516) 228-6672
> David@rosenbergfortuna.com
> Anthony@rosenbergfortuna.com
> *Attorneys for Defendants and Third-Party Plaintiff*

Dated:  New York, New York
              July 28, 2015

                                                            s/Jeffrey A. Mitchell
                                                         Jeffrey A. Mitchell